IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| BLANCHE C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | § § § § § § § § § § § § § § Civil Action No. 6:24-CV-00069-H-BU |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Blanche C. filed this action seeking judicial review of an unfavorable decision of the Commissioner of Social Security (Commissioner) regarding her Title II Social Security disability and disability insurance benefits. *See* Dkt. No. 1. The Court reversed the Commissioner's decision and remanded the case for further administrative action. Dkt. No. 18.

Now before the Court is Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA). Dkt. No. 19. For the reasons explained below, the undersigned RECOMMENDS the Court GRANT Plaintiff's motion for EAJA in part.

**I.  PROCEDURAL HISTORY**

Under Special Order No. 3-350 of this Court, this case was automatically referred to the undersigned with a designation to exercise the district court's full jurisdiction and

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

conduct all proceedings in this case upon the consent of the parties. *See* Special Order No. 3-350. Plaintiff did not consent to the undersigned exercising the Court's full jurisdiction. Dkt. No. 7. Accordingly, this case was reassigned to the United States District Judge James Wesley Hendrix and referred to the undersigned per Special Order 3.

Once the parties submitted their briefs, the undersigned recommended that the Court reverse the Commissioner's decision and remand the case for administrative reconsideration. Dkt. No. 17. The Court adopted the undersigned's recommendation, reversed the Commissioner's decision, and remanded the case. Dkt. No. 18. The Commissioner did not appeal the Court's judgment.

## II. DISCUSSION

### A. Request for EAJA Attorney Fees

Plaintiff seeks $13,547.44 in attorneys' fees. Dkt. No. 20 at 2. This amount reflects 50.7 hours of work by her attorney billed at $240.71 per hour in 2024 and $245.28 per hour in 2025, and 9 paralegal hours billed at $125.00 per hour. *Id.*; *see* Dkt. Nos. 20-4, 20-5. Attached to Plaintiff's Motion is a Memorandum in Support of Motion for Fees, prepared by Plaintiff's attorney, Howard D. Olinsky. Dkt. No. 20-9. In this Affirmation, Olinsky states that the attorney fees are justified because Plaintiff is the prevailing party and because the Commissioner's position was not substantially justified. *Id.* at 2-3 (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Scarborough v. Principi*, 541 U.S. 401 (2004)).

The Commissioner then filed his Response to Plaintiff's Motion for Attorney Fees. Dkt. No. 21. In his response, the Commissioner objects only to the number of hours Plaintiff seeks compensation for, arguing that 50.7 hours is an excessive award. *Id.* at 1.

The Commissioner concedes that the administrative record in this case was 3,787 pages long, but argues that Plaintiff presented only one issue in her opening brief. *Id.* at 2. Instead, the Commissioner requests that the Court grant Plaintiff an award for only 35 attorney hours and 3 paralegal hours. *Id.* He argues that this award is more reasonable give that the "typical EAJA application for attorney fees in Social Security cases claims between 20 and 40 hours of attorney work." *Id.*

The undersigned is not persuaded that the number of hours sought by Plaintiff is unreasonable. The Commissioner appears to concede that the certified administrative record was extensive, *Id.* at 2, and Plaintiff's lawyer spent most of his time—32.3 out of 47.8 hours—reviewing said record. Dkt. No. 20-4. It stands to reason that Plaintiff could not have known how many issues she would present before this review was completed; that Plaintiff then chose to raise only a single issue should not be held against her, especially because it was sufficient to require remand.

Conversely, the Commissioner does not explain why 35 attorney hours is a more reasonable award for Plaintiff. Evaluating whether the hours requested are reasonable depends on the facts at issue; a high number of attorney hours may be reasonable relative to the amount of work performed. *See Alexander v. Saul*, 3:19-CV-0511-K-BH 2020 WL 7327984, at *2 (N.D. Tex. Nov. 12, 2020) (collecting cases that found high numbers of attorney hours were reasonable given the plaintiff's success and considering all the work performed). Plaintiff's attorney provides a detailed ledger reporting the tasks performed and the amount of time billed for each; the accounting provided in the ledger suggests the amount of time billed is reasonable. Dkt. No. 20-3.

The Commissioner cites recent EAJA orders that deemed 35 hours a reasonable amount, but does not claim that those cases involved comparable workloads to the present case; on the contrary, he concedes that the administrative record here was extensive. As noted above, Plaintiff's lawyer spent nearly 35 hours reviewing the record alone. Dkt. No. 20-4. The Commissioner also does not offer any justification for reducing the paralegal hours billed from 9 hours to 3 hours, while nothing in Plaintiff's ledger suggests the paralegal worked an unreasonable number of hours for this case. Dkt. No. 20-5.

Based on the foregoing, the number of hours requested by Plaintiff is reasonable. The undersigned has also independently determined that the hourly rate requested by Plaintiff is reasonable.[2] For these reasons, the undersigned concludes that the award requested by Plaintiff is reasonable.

### B.  Waiver of Direct Payment of EAJA Attorney Fees

Plaintiff's Motion is also accompanied by a Waiver of Direct Payment of EAJA fees in which the Plaintiff assigns her right and interest in her EAJA fees regarding this case to her attorneys at Olinsky Law Group. Dkt. No. 20-1. The Commissioner instead requests that any award for EAJA fees be made payable directly to Plaintiff. Dkt. No. 21 at 2–3.

Typically, EAJA fees are owed to the plaintiff, not the plaintiff's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 591 (2010) (noting that the EAJA directs courts to award the fees to the "prevailing party" which the Court has long held refers to the litigant). Courts

---

[2] Plaintiff calculates the requested EAJA rate by adjusting the original rate in 1996 for increases in the consumer price index. Dkt. No. 20-2. The EAJA explicitly permits the court to adjust attorney's fees based on the cost of living. 28 U.S.C. § 2412 (d)(2)(A)(ii). The Commissioner also does not challenge the computation of the applicable rate, as he adopts her proposed 2025 hourly rate of $245.28. Dkt. No. 21 at 1.

in the Fifth Circuit have refused to pay EAJA fees directly to counsel. *Goin v. Colvin*, No. 3:12-CV-2471-B, 2013 WL 1797862, at *6 (N.D. Tex. Apr. 29, 2013); *Johns v. Colvin*, No. 3:13-CV-4420-BH, 2016 WL 1366267, at *4 (N.D. Tex. Apr. 6, 2016); *Henline v. Kijakazi*, No. 3:20-CV-1944-D-BH, 2022 WL 2975326 (N.D. Tex. July 5, 2022), *report and recommendation adopted sub nom. Henline v. Comm'r, Soc. Sec. Admin.*, No. 3:20-CV-1944-D, 2022 WL 2972585 (N.D. Tex. July 27, 2022).

This principle applies even where the plaintiff has assigned their rights in the EAJA fees to counsel. *Arizmendez v. Colvin*, No. 3:13-CV-1065-O, 2014 WL 2154052, at *1 (N.D. Tex. May 22, 2014) (stating the court was "bound by United States Supreme Court precedent" and not Plaintiff's assignment). This is particularly true where, as here, the Court does not know if Plaintiff is otherwise indebted to the government.[3] *Id*. Thus, the award of EAJA fees should be made payable directly to Plaintiff and mailed to her counsel.

### III.    CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court GRANT the Plaintiff's Motion for EAJA in part. Plaintiff should be awarded $13,547.44 in attorney fees. The undersigned RECOMMENDS that the Defendant be ordered to make this amount payable directly to Plaintiff but be permitted to send the payment to Plaintiff's counsel.

### IV.    RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these

---

[3] Plaintiff assures the Court that the Waiver will only take effect if she does not owe a debt qualifying under the Treasury Offset. Dkt. No. 20 at 1–2. However, Plaintiff never states that she does *not* owe a qualifying debt, and the attached Waiver does not purport to apply only if such a debt doesn't exist. Dkt Nos. 20 at 1–2, 20-1.

Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

  Entered this 3rd day of October 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE